and our next case is number 241419 Apple Inc. v. Smart Mobile Technologies LLC. Okay, Ms. Fiorella. Good morning, your honors. May it please the court. Natika Fiorella on behalf of the appellant Apple. Now the board here erred in three separate ways and any one of them independently is grounds for vacating and remanding this case. First, the board erred by narrowly construing the claims to require that some antennas within the plurality of antennas must both receive and transmit data, even though there's no such limitations in the claim. Second, the board violated the APA when it failed to adequately explain why it rejected Apple's alternative argument that even under the board's narrow construction, the prior art still teaches the challenged limitation. And third, your honors, the board erred because substantial evidence does not support its finding that the prior art does not actually teach the challenge limitation. I'm going to start with the claim construction argument, but happy to pivot to either issue two or three as your honors would like. Claim one requires a network device that has a plurality of antennas and it says that network device is configured to use the plurality of antennas to transmit data simultaneously. We'll call that the transmitting limitation. Transmit a plurality of data signals, right? Yes. Using the plurality of antennas. Exactly. And receive a plurality of signals. Using the plurality of antennas. Exactly. So that's what the claim requires. The plurality of antennas are both receiving and transmitting data signals. We agree. So this antecedent basis argument, we're not disputing. When the claims say the plurality of antennas, both in the transmitting and the receiving limitations, we agree they're talking about the full plurality of antennas. The question is whether that means the collective, the group of antennas need to transmit or receive. What work does simultaneously do in the claim? I mean, it says simultaneously transmitting using the plurality of antennas and simultaneously receiving using the plurality of antennas. So I'm reading that and thinking maybe simultaneously means every one of them simultaneously has to send and then every one of them simultaneously has to receive. But I don't see what else work simultaneously is doing in the claim. So what I think it's doing is say you have five antennas and you have five data streams that are coming in. You're going to be transmitting, for example, the data across each of those five antennas at the same time. That's what the simultaneously is saying in the transmitting limitation. And then you get to the receiving limitation and it's again saying you have these five antennas that are receiving five different data streams. Those data streams are coming across the five antennas at the same time. But that does not go to their point or the board's point that means that every single one of the antennas within the plurality must both be doing that transmitting and that receiving. It just means that when you are transmitting, you're using all five of the antennas and when you're receiving, you're using all five of the antennas. There's no contention that a single antenna has to receive and send at the same time, right? No, and that's our point that that's not in the claims and that's not in the specification, any requirement. The board didn't say that either. The board did not, yet if we follow the board's logic. As I understand what the board is saying is it has to be able to switch from sending to receiving, not that it has to do the sending and receiving at the same time. Agreed. The board's construction appears to be that within the plurality of antennas, some of the antennas, which I'll get to in a minute. The reason why I asked that question is to me, if simultaneously sending and simultaneously receiving by the plurality of antennas, it seems that you can't pick and choose which ones are in the plurality. You can't say that some of them can just send and some of them can just receive. The simultaneously works with the antecedent basis point to suggest that at least within the plurality, they all have to send and receive. I think it depends on where you're looking. So if you're looking at the transmission side, at the same time, you want to use each antenna because that's the whole purpose of the purported invention. Before you had one antenna, now you have five. So you can use all five antennas to transmit data and you'll have greater bandwidth. But that's just talking again about when you were transmitting data, you were using all five. That does not necessarily mean that one of those antennas that you're transmitting also has to receive. Well, it says the simultaneously receiving using the plurality of antennas. So it's the plurality of antennas. So the ones that are simultaneously sending, all of them of the plurality, are also simultaneously receiving, all of them of the plurality. Let me step back. Let me step back, too, because I would say you only have to have two that are bidirectional, obviously, because it's a polarity claim and it's an open-ended comprising claim. So, yes, so let me step back. So when they're talking about the transmitting limitation, say I want to use a plurality of data streams and I'm saying that there's five data streams that I want to transmit, I'm going to use five antennas in order to do that. Now, the plurality could have 10 antennas. So I think that's maybe where the disconnect was. It's being limited by the data stream. So if you have a plurality of data streams you're wanting to send, you're sending the five data streams across five antennas and you're doing that simultaneously in order to increase the bandwidth. But that doesn't mean that there are not other antennas within that plurality that can just be being used for the receiving aspect. And so that's what we're trying to look for, is there anything that suggests you need each antenna within the plurality to both do the transmitting and the receiving. And one thing I'd like to point out there, your honors, is the board's construction really doesn't even follow from this logic that we're talking about. So they ground their construction in this idea that the, in the plurality of antennas, because of the antigen basis, means that the plurality, each antenna within the plurality, has to be doing the transmitting and the receiving. But if we look at their actual construction- It doesn't matter, does it? I mean, we review client construction de novo. So it doesn't matter if we don't, does it matter if we have slightly different? Only in the sense that it shows that the board's logic here is flawed. So if you were to use their antecedent basis argument in order to say, okay, yes, the claims require that the antennas both transmit and receive, then there's a flaw there because the board's construction doesn't even flow from its own logic. And one of the reasons why I think that's especially important is because it seems like the board was trying to find a middle ground here because it seems like a lot to put on the word the, that every single one of the plurality of antennas has to both transmit and receive. They're not saying every single one, but they're saying that some antennas have to be switchable, as I understand it, from a receive mode to a transmit mode. Don't they say at least two? So appendix 13, they just say, we determine the claims require a set of antennas in which at least some of the antennas are for both transmitting and receiving. But again, that logic doesn't follow from their, that conclusion doesn't follow from their own logic. So if we conclude that this claim contemplates a plurality of antennas in which the plurality need, all the antennas or the plurality of antennas need to be capable of both transmitting and receiving data signals, what else do you have for us today? Then we would go to our alternative argument, Your Honor, which is that the prior art discloses that exact switching even under the board's construction. So that is our alternative argument under Paul Raj. And the board, with respect to this argument, made two errors as well. So the first error is an APA violation. The second is substantial evidence. Both are based on the same disclosures in Paul Raj, so I'd like to go straight there. I'm at 566, which is the Paul Raj reference. And in the Paul Raj reference, what it's describing is you have this Base Transceiver Station 12 and you have Wireless Networks 14. And it's saying, I'm here in Column 5, it's describing how this Base Transceiver Station 12 has a set of antennas, transmit antennas 18A through 18M. Then you have the Wireless Devices 14, which has its own set of antennas, 34A to 34N. And it's describing how you transmit using those transmit antennas received using the 34A through N receive antennas. But what it specifically says is that it's describing the downlink communication in what I just described for explanation purposes. In the very same paragraph, line 56, at Appendix 566, it says, of course, the same method can be used in uplink communication from Wireless Units 14 to BTS-12. And that's important because the only set of antennas that are being described with respect to either of those devices are 18A through 18N for BTS-12 and 34A to 34N for Wireless Units 14. Is it possible that the board believed that those antennas were transmit antennas 18A through X and receive antennas 34A through N? And so therefore, to do an uplink communication, it would necessarily require a different set of transmit antennas and receive antennas in light of the way they might've read figures three and four? So I have two responses to that, Your Honor. First is we don't know because the board didn't explain why it rejected our argument. And we actually think it rejected our argument solely because it viewed it as an improper reply, which under axonics is simply incorrect. But the second argument, the second response I have, Your Honor, is Paul Raj says it's the same method that's being used. And then if we look at column six, it describes what method is of the invention. So at line 26, it says specifically the method of the invention uses BTS-12 with its transmit antennas to transmit to the 34A through N antennas receiving for wireless units 14. So if we're talking about the method and you're just simply flipping it, I honestly don't see how the board would come to the conclusion that you're using some other antennas when you're doing the uplink, as opposed to the only set of antennas that are being described with each of those devices. And it expressly says we're just talking about transmit and receive and labeling these antennas for explanation purposes, not to say 18A through 18N can only ever transmit because we've called them transmit. But your contention is that Paul Raj shows or states specifically that the antennas are switchable, that the receiving antennas can be switched to a transmit mode. Yes, Your Honor. I think that that's the fair reading of Paul Raj where it says the same method can be used in uplink communication from wireless. And just to be clear, I don't understand the board to be saying that an antenna has to send and receive at the same time, which is probably an impossibility anyway. I don't believe that they are requiring that, no. But so when we get to what the board... We don't have any fact findings on all this. So at best, you need a remand on this for the board to actually address the content of figures one and two and its associated written description. Exactly, Your Honor. So our APA violation is based on that exactly. We don't know why the board rejected our argument, what it found lacking in this disclosure of Paul Raj. You know, if we look at what the board said here on Appendix 17, first it says improper reply. Sounds like even Smart Mobile's not arguing. Exonix shows this is not an improper reply. But then after that, it says, moreover, we agree with Dr. Kuklev that Paul Raj is consistent in describing separate transmit units and receive units throughout his disclosure. And without an appropriate mapping of Paul Raj's alleged teachings to the challenge claims in the petition, petitioner has not carried its burden. So even in the line that Smart Mobile emphasizes as potentially dealing with the merits. Curious, what if we were to read that statement by the board as also trying to say that you never did an appropriate mapping at any point in time, including in your reply? What would you say in response to that in terms of what you submitted in your reply? I would say that that's just not accurate, Your Honor. So if we look at our reply, which is that Appendix 1618 to 1619, we walk through how the transmit antennas 18A through 18M in Paul Raj, when transmitting in the downlink mode, are doing the transmitting, and when they are receiving in the uplink mode, are doing the receiving. So I think we have mapped it, but to answer your question another way. Did you have a supplemental declaration?  We did, Your Honor, and that's at 1692 to 1695. Our expert in paragraphs 10, 12, and 15 walk through that exact point. But to answer your question in a second way, not only do I think that would not be a fair reading of what the board did, we simply don't know. And so the board didn't provide any reasoned explanation for what Your Honor just said. If they did believe that we didn't map it properly in the reply, they didn't explain that either. So at a minimum, it needs to go back to the board to give this court adequate explanation for which it can review the decision. I see I'm in my rebuttal time, so if Your Honor is there. We'll give you two minutes for rebuttal. Thank you. Mr. Graves. Thank you, Your Honor. May it please the court, Philip Graves from Smart Mobile Technologies. So just to be clear about this, the board's construction requires that at least some of the antennas in the plurality be switchable between a receive and a send mode, right? That's correct, Your Honor. Not that it be done simultaneously, right? That's correct, Your Honor. Really, this comes down to an issue of grammar, simple English grammar. As the court has repeatedly held, it is supposed to follow the precepts of English grammar in construing claims. And so what this boils down to is that the plurality of antennas is a singular collective noun. Well, I mean, but that doesn't necessarily follow. For example, if somebody says the team pitches well and hits well, that doesn't mean that every member of the team has to do both, right? Right, but the team isn't actually doing the pitching. The team wins or loses. Particular members of the team might pitch or catch or whatever, but the team as a unit wins or loses. It doesn't perform the subsidiary specific functions of different members within the team, right? So in the example that Apple gave in its reply brief, the entire colony of ants doesn't lay eggs. Only the queen does that. We wouldn't say the colony lays eggs, right? That would be grammatically incorrect. We wouldn't say the troop of actors plays Romeo. That would be grammatically incorrect. The rules of grammar here stipulate that plurality of antennas is a collective noun. When it's preceded by a plurality, that refers to the group in the plural. When it's preceded by the plurality, it's a singular collective noun. I think that's hard to say that English grammar requires the board read it that way. I think that's just a tough argument. Well, we cited to authority to that effect and those are the applicable rules here. Apple has nothing except to hand wave it away. So what are you relying on besides that plain claim language? Anything else? So the specification is also supportive of that construction. If you go through the briefs filed by the parties, you'll see that there are examples in the spec of multiply antennas being used. There's no example. No embodiments in which there's not multiple. Separate sets of transmit and receive antennas. Exactly right. And the examples- You said repeatedly that that doesn't necessarily mean that the claims are limited to the disclosed embodiments. Oh, absolutely. Absolutely agreed. And there's no real issue here of limitations from the specification being incorporated into the claims. The point there is that the specification is supportive of the construction that the board arrived at, which is that in limitations 1D and 1E and the equivalent limitations of the other three- I think all you can say is it's not inconsistent with the board's construction. I would say that is true and I would go farther and say that it is supportive because the specification repeatedly discusses the benefits to be obtained by applying the invention. For example, the ability to process multiple incoming data streams and signal streams in parallel to improve throughput and so on. And the examples they give show dual band systems with multiple incoming frequency bands being received by multiple antennas, right? Each antenna covering a different frequency band. Your view that the claim requires simultaneously so each of the receivers and each of the transmitters are being used? Yes, when the claim language recites simultaneously receiving or simultaneously transmitting, that's exactly right. So on the claim construction issue, we would submit that grammar resolves this, the specification is supportive. I think we adequately addressed their arguments regarding the Smith case. Looking back at some of the prior patents that are issued using the same specification, if I read some of those past patents correctly, they are having separate receiving and sending antennas. Is that not the case? Are you talking about patents in the family of the 083 patent? Yeah. I do not believe that's true. No, I don't believe that there are, and unfortunately, your honor, I'm not prepared with a recent review of all the patents in the family, but I can say I'm not aware and do not recall any patents in this family that recite claims directed to separate sets of transmitting and receiving antennas. I freely admit that I could be wrong in overlooking a particular example, but I do not believe that there are any claims with that particular limitation. What about Axonics? Move on. Yeah, go ahead. What is your response to that? Because it seems pretty applicable here. We're not arguing that the Axonics case would have supported the board in simply refusing to consider the argument that they made in their reply concerning the disclosure and scope of Paul Rauch. We're not arguing... Instead, reading this sentence that's on page A17 is saying that the board addressed... Correct, correct. That's absolutely right. What do you make of the fact that it says this language where it refers back to the petition without an appropriate mapping in the petition? Well, I think the board's correct. So if you look at the petition, and in particular, and we cited the relevant portions of the petition... I thought that their reply arguments were in light of the new claim construction. They're allowed to further develop and be responsive to that new claim construction under Axonics.  That is correct. Here, though, I think you have something, and this could be an appropriate case for the court to revisit and possibly narrow Axonics because I think we have a different... To rule for you, we have to do that. What's that? To rule for you, we have to do that. Oh, absolutely not. No, no, that's not the argument I'm making at all. Regardless, look, I think the board clearly addressed their argument on the merits. The board was correct, and the court should affirm on that basis. But here, we don't just have a further developed... If the court were to conclude that this was not nearly enough analysis, then you would concede that we would have to vacate and remand this board decision for further fact-finding on the question of whether or not the petitioner's reply arguments, based on your claim construction raising the patent owner response, is good enough for Paul Raj to teach this limitation. If the court were to find an APA violation or failure to adequately explain its reasoning, the result would be a remand, not a reversal. That's correct. But let's address that because they focus on one page or actually one sentence of the board's FWD. But actually, the board addressed the scope and disclosure of Paul Raj, which is the issue that the board is addressing with respect to their reply argument throughout numerous pages of the FWD. If you look at Appendix 8 to 11, the board recounts Apple's argument concerning what Paul Raj discloses in detail and cites to the relevant portions of the petition and also Apple's expert, Dr. Jensen's declaration, which ferrets the petition. But what do you understand them to be saying? I mean, Paul Raj, on the face of it, seems to disclose switchable antennas. So why is that being rejected by the board? How do you read the board's decision as rejecting that? Well, because the board rejected that conclusion. Paul Raj does not.  Why? Well, it explained because Paul Raj does not disclose switchable antennas. Paul Raj discloses expressly, and Apple's expert admitted this. He outlined this mapping in his first declaration and he admitted this in his deposition that Paul Raj discloses two separate sets of antennas. One set of antennas, which repeatedly refers to- It discloses that, but it also says there could be switchable. It does not say- He doesn't address that. The expert doesn't address that line. No. Wait, he's not addressing that language, correct? Well, that's Apple's characterization. Paul Raj never says- At one point, Paul Raj is very clear that these examples in the Paul Raj patent are showing a downlink communication. However, you can do everything in reverse and do an uplink communication. Correct. We all agree Paul Raj says that. Yeah, Paul Raj- And we also all agree that the board never speaks to that statement about everything that can be done downlink can be done uplink, so that the house now is the transmitter and the BTS is now the receiver. Actually, the board did speak to that and that's where the board said that Apple failed to provide an appropriate mapping because if you look at Apple's mapping- That's in the petition, though. We're talking about the reply arguments by Apple. No, that's in the board's response to Apple's reply argument. I had the mapping question. What's the answer to what Judge Chin just called your attention to, this part of Paul Raj? Why does that not show switchable antennas? Well, because the uplink- What Paul Raj discloses is, again, two separate sets of transmit units and receive units in transmit antennas and receive antennas and there's nothing suggesting that that architecture would not be used for both the uplink and the downlink. In other words, the uplink goes out over the- I'm not understanding what you're saying. Why is that language not disclosing switchable antennas? So, allow me to explain. So, the uplink will go out over the transmit antennas and the downlink is received over the receive antennas on both ends. That's what Paul Raj discloses. And not only that, but a key point here is that is how Apple and Dr. Jensen described Paul Raj in the petition and in Dr. Jensen's first declaration and in his deposition. Now, certainly in his reply declaration, he comes back and completely contradicts himself and says, oh no- I'm not explaining. You're not answering my question. Why is that language in Paul Raj not showing switchable antennas? It says you can change the receive to the send and the send to the receive. But it does not say you can change the receive to the send and the send to receive. That's the answer. Paul Raj doesn't say that. If you look at Paul Raj, it's one sentence and it just says the same method can be used in the uplink. And what Paul Raj discloses is two separate sets of receive units- of units, a receive unit and a transmit unit and two separate sets of coupled antennas- receive antennas and transmit antennas. Suppose we interpreted Paul Raj as saying, you can use the receive antennas to send and the send antennas to receive if you wish. Would that be sufficient? Yeah, I'm sorry. If you- If Paul Raj said explicitly, you can use the send antennas to receive and the receive antennas to send. Would that be sufficient? If there were such a description or disclosure in Paul Raj. Yes, it would be sufficient. Arguably, it would be sufficient. But there is no such disclosure in Paul Raj. And in fact, Apple's mapping that it provided is completely contrary to that. If you look at Appendix 101 and Appendix 103- Is this the petition or the reply? This is the petition. I don't- We only care about the reply for purposes of understanding this particular argument. Well, but the petition and more importantly, Dr. Jensen's mapping and his initial declaration, which is his testimony as to what Paul Raj discloses and that's at Appendix- Did he not also file a second declaration? He did, but he didn't provide any subsequent mapping. He did not provide a subsequent- Didn't he say that these antennas are capable of both transmitting and receiving in Paul Raj? He did say that, but that is contrary to the first declaration that he filed. So here, I mean, this is not an example of just developing an argument. The real problem, let's take a step back. We don't have any analysis by the board on any of this. The board clearly was controlled by its view that all of this was waived and didn't- And so it didn't even need to consider it and then gave a throwaway sentence saying it wasn't impressed with this argument anyway, referencing Figure 3 by Dr. Kuklov, but obviously not evaluating any of this discussion of Figures 1 and 2 that were in the petitioner's reply and then further explicated by the expert's supplemental declaration. We don't have any of that here. It's all a guessing game. You're citing to things that you think help you that Apple's expert conceded and maybe he did, maybe he didn't, but that would be a bunch of fact-finding that we cannot do. This, I think, I'm afraid, has to be remanded. But the board actually found the facts. That's the thing here. I'm looking at A17, and that is a tough call to say about A17. But if you look at the entirety of the board analysis, including at A15 to 16, that's not specifically addressing the reply argument explicitly, but it is addressing the exact issue, which is what does Paul Raj disclose? That's what the entirety of the board's analysis in Appendix 8 to 11 and Appendix 15 to 16, that's what the board is analyzing. It's the same issue. It's just presented under a different package. It is the exact same issue. What does Paul Raj disclose? And the board cites to, obviously, the petition and Dr. Jensen's declaration testimony, but also his deposition testimony. The board said, look, Dr. Jensen and the petition both say that Paul Raj includes a transmit unit and its respective transmit antennas and a receive unit and its respective receive antennas. And the way they mapped this onto Paul Raj's modem, which is what they were trying to map onto Claim 1, if you look- Does Paul Raj say anything about why it's so special and necessary to have unidirectional antennas? No, it does not. It does not, but if you look at Appendix- What's the default out there to go out there and use unidirectional antennas for communication or to use two-way antennas that are capable of both transmitting and receiving? All that Dr. Jensen says about that is that it's a design choice as to what types of antennas to use. But he doesn't submit, there's no evidence of any motivation to modify Paul Raj to use bidirectional, to use a single antenna bank. Let me interrupt you for a minute. I'm not sure I agree with what you just said. And the reason why is because even in the reply brief, and you agree bidirectional antennas exist, right? They're conventional, they're often used. So the language I see in the reply is that it, because the answer is because antennas were well-known to be both for both transmitting and receiving signals. That is the motivation to modify that's provided in the reply brief and not addressed by the board, right? Well, so they were known, right? Certainly there's evidence in the record. I don't know what the board thinks of that argument because they haven't addressed it, right? So they did not address it expressly, but again, looking at the analysis that the board provided concerning the disclosure of Paul Raj, they do address what Paul Raj discloses, citing to evidence, copious amounts of evidence, actually. So here, we have the board explaining what it did, right? It rejected the reply argument on the merits. We have it explaining why, because Paul Raj consistently discloses separate transmit and receive units. I think we're getting repetitive here. I think we're out of time unless there are other questions. Thank you. All right, thank you, Your Honor. Ms. Fiorella. Thank you, Your Honor. Just two quick points. I think we've pretty much covered this, but the pages where the board is describing Paul Raj say nothing about uplink. So the disclosure that we're relying on, they don't talk about it. Again, that's because they didn't consider it because they thought that it was an improper reply, which Exxon says is wrong. And to Your Honor's point, Judge Stoll, in addition to in our reply, Dr. Jensen at 1693 expressly says, well-known full duplex communication transmits, notably well-known full duplex communication transmits data on one frequency and receives data on another frequency, allowing both transmission and reception to occur simultaneously, citing a number of pieces of evidence. Can I ask you one question? Yes. I'd read your reply to have two arguments. One is that a person of ordinary skill in the art reading Paul Raj would understand that it teaches bidirectional antennas as an embodiment. And the second is that even if that's not true, it would have been obvious to do so because bidirectional antennas are well-known, conventional, blah, blah, blah. So am I under reading that correctly? Yes, you are, Your Honor. Thank you. Are you allowed to make that second argument on the reply? In other words, your petition argument, was your petition theory at all alternatively premised on Paul Raj and it would be obvious to modify Paul Raj to meet the plurality of antennas limitation? So our petition was based on an obviousness argument. Well, but this specific limitation, did you say in the petition it'd be, if to the extent Paul Raj doesn't disclose this limitation, a 102 type theory, it nevertheless would have been obvious to modify Paul Raj to meet this plurality of antennas limitation, i.e. a 103 type theory for this specific limitation? So in the petition, because again, at this point, we are thinking of the claim construction to require separate ones, but we did say that it would be obvious to use the transmit and receive units. I'm just trying to find the exact site. Well, let me ask you differently.  If it turns out the petition didn't make that alternative argument, a 103 type theory about the plurality of antennas limitation vis-a-vis Paul Raj, then wouldn't it be inappropriate for you in your petition reply to now include a 103 type theory with respect to your cited reference Paul Raj? Given that it is based on a different claim construction, I'm not sure that it would be incorrect, but we don't need to reach that issue here because we certainly made the primary argument. Well, if there is a remand here, it might in fact be pretty vital to figure out exactly whether or not it's permissible for you to go above and beyond the theory that you presented in the petition if it was in fact just a 102 type theory for the plurality of antennas limitation. So Your Honor, what I'd say there is it's because there is a different claim construction argument here. But did anything in Axonix or Parker Vision or any other case suggest that the petitioner can now migrate away from the particular theory in the petition, 102 versus 103, and now do something else in response to a patent owner claim construction argument? The cases don't say that you can do that, but they also don't expressly say you can't do that. So Axonix, for example, says it's leaving for another day, whether or not you could use different embodiments and so forth. Can't use a different piece of prior art, but maybe you could use it. We know that part of it. So what I would say here though is if the change in theory, assuming that there is one, is tied to the fact that now there's a different claim construction, then I think arguably you should be able to make that because otherwise you're going to have the same types of gamesmanship issues that Axonix counsels against or tries to protect against. If you can just have a different claim construction and on the basis of that, the same exact disclosure in the prior art still renders that limitation unpatentable, whether it be through a direct disclosure or because it's so well-known in the art that you would do it one way or the other way, that is an argument that I believe that should be allowed to be made in this circumstance. All right. Thank you. Thank both counsels.